UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANUEL VICENTE CAGUANA RIVERA,<br><br>Petitioner,<br>v.<br><br>MARKWAYNE MULLIN, *in his official capacity as Secretary of the U.S. Department of Homeland Security*; TODD BLANCHE, *in his official capacity as Attorney General of the United States*; JUDITH ALMODOVAR, *in her official capacity as Acting Field Office Director, New York Field Office, U.S. Immigration and Customs Enforcement*; RAUL MALDONADO, JR., *in his official capacity as Warden of the Metropolitan Detention Center, Brooklyn*,<br><br>Respondents. | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br>26-CV-05309 (NRM) |

NINA R. MORRISON, United States District Judge:

Petitioner Manuel Vicente Caguana Rivera is a foreign national who entered the United States in January 2021. On August 14, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") on his walk home from work. He was eventually transferred to the Metropolitan Detention Center ("MDC") in Brooklyn, New York, where he is presently detained.

On August 27, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus (the "Petition"), ECF No. 1, alleging that his detention violates his constitutional and statutory rights, and seeking entry of an order directing his immediate release from detention.

The case was assigned to the undersigned on August 28, 2026, at which time

the Court issued an Order, ECF No. 3, directing Respondents to file, by 10:00AM on August 31, 2026, a submission (1) providing certain information about Petitioner and his circumstances, (2) indicating the statutory provision under which they assert the authority to detain Petitioner, and (3) addressing whether there is any basis to distinguish the asserted grounds for detention from this Court's decision in *H.A.C.F. v. Francis*, No. 26-CV-00872 (NRM), 2026 WL 482607 (E.D.N.Y. Feb. 20, 2026), *amended on reconsideration in part*, No. 26-CV-00872 (NRM), 2026 WL 861152 (E.D.N.Y. Mar. 30, 2026). The Court further directed that, if Respondents asserted no basis to distinguish this Petition from *H.A.C.F.*, the submission could take the form of a letter so stating, and indicating whether Respondents continue to oppose issuance of the writ, subject to preservation of Respondents' arguments for appeal.

Respondents filed their initial submission on August 31, 2026, indicating that Petitioner was detained by ICE pursuant to 8 U.S.C. § 1226(a), and that "ICE conducted an initial custody determination" after arresting Petitioner. ECF No. 4 at 2. Furthermore, Respondents provided a Notice of Custody Determination form which indicates that Petitioner requested that his initial custody determination be reviewed by an immigration judge. *Id.* at 12. Respondents do not contend that Petitioner has been brought before an immigration judge for review of that determination in the two weeks since his detention, and none of the exhibits attached to their submissions so indicate. *See* ECF No. 4.

Based on this record, Respondents concede that, though it is their position that Petitioner has been detained in accordance with the requirements of 8 U.S.C.

§ 1226(a), "the Court would not find this case distinguishable from *H.A.C.F.*," which required that persons such as Petitioner be afforded an individualized custody determination prior to detention. ECF No. 4 at 3.

The Court agrees. Here, Respondents have not alleged that they provided Petitioner with the requisite process under 8 U.S.C. § 1226(a), which "require[s] an individualized determination as to whether the detention of a noncitizen is appropriate after considering whether the noncitizen (1) is a 'danger to property or persons' and (2) is 'likely to appear for any future proceeding.'" *Hyppolite v. Noem*, 808 F. Supp. 3d 474, 491 (E.D.N.Y. 2025) (quoting 8 C.F.R. § 1236.1(c)(8)); *see also Artiga v. Genalo*, No. 25 CV 5208 (OEM), 2025 WL 2829434, at *8–9 (E.D.N.Y. Oct. 5, 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 493–95 (S.D.N.Y. Aug. 13, 2025); *Salcedo Aceros v. Kaiser*, No. 25 CV 06924 (EMC), 2025 WL 2637503, at *12 (N.D. Cal. Sep. 12, 2025); *cf. Cunha*, 2026 WL 1146044, at *22 n.11 (noting that "Section 1226(a) requires" "an initial bond determination").

Although Respondents state that ICE made a "custody determination" following Petitioner's arrest and detention, as this Court and others have held, § 1226(a) and the Due Process Clause requires that noncitizens be given notice and an opportunity to be heard *prior* to detention. *See Hyppolite*, 808 F. Supp. 3d at 491–94; *H.A.C.F.*, 2026 WL 482607, at *3; *Chipantiza-Sisalema v. Francis*, No. 25-CV-5528 (AT), 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025) (holding that a "custody redetermination hearing" is "no substitute for the requirement that ICE engage in a 'deliberative process prior to, or contemporaneous with,' the initial decision to strip a

person of the freedom that lies at the heart of the Due Process Clause" (internal quotation omitted)); *Tumba v. Francis*, 813 F. Supp. 3d 394, 406 (S.D.N.Y. 2025) (noting that "the Government's violation of Petitioner's constitutional rights originated with her detention in the first instance," and that "a [post-deprivation] bond hearing could not cure that constitutional violation"); *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 319–20 (E.D.N.Y. 2025); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 494–95 (S.D.N.Y. 2025); *Singh v. Maldonado*, No. 26-CV-00019 (OEM), 2026 WL 233216, at *8–10 (E.D.N.Y. Jan. 29, 2026); *O.F.B. v. Maldonado*, 810 F. Supp. 3d 394, 405 (E.D.N.Y. 2025); *Sidqui v. Almodovar*, No. 25-CV-9349 (VSB), 2026 WL 251929, at *17 (S.D.N.Y. Jan. 30, 2026).

Accordingly, as it did in *H.A.C.F.* and *Hyppolite*, the Court finds that Petitioner has established that his detention violates his Fifth Amendment right to procedural due process, because Petitioner had been continuously residing within the United States prior to his arrest, and he was therefore entitled to a pre-detention individualized custody determination under the Immigration and Nationality Act, 8 U.S.C. § 1226(a). *See Hyppolite*, 808 F. Supp. 3d at 490–95.

Finally, the Court has also weighed the factors under *Mathews v. Eldridge*, 424 U.S. 319 (1976), which sets forth the test that courts in the Second Circuit will apply when determining "the adequacy of process in the context of civil immigration confinement." *Munoz Materano v. Artera*, No. 25 CV 6137, 2025 WL 2630826, at *12 (S.D.N.Y., Sep. 12, 2025). Having considered (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of that interest

through the procedures used; and (3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail, *see Mathews*, 424 U.S. at 335, the Court finds that the balance of interests weighs heavily in Petitioner's favor, and that granting the writ is an appropriate remedy for the deprivation of his right to procedural due process.

It is hereby:

**ORDERED**, that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **GRANTED**. It is further **ORDERED** that Respondents must release Petitioner from custody **no later than 6:00 P.M. on Monday, August 31, 2026.**

In light of the fact that Petitioner is presently being held at MDC in Brooklyn, New York, it is further **ORDERED** that **counsel for Respondents shall keep Petitioner's counsel informed regarding the timing, location, and manner of Petitioner's release from custody**, so that counsel may be present or arrange to have a family member or other representative present at the time of Petitioner's release.

Respondents, through counsel, **shall file a letter on the docket no later than 8:00 P.M. on the same date (August 31, 2026)**, confirming that Petitioner has been released from custody.

**IT IS FURTHER ORDERED** that Respondents are **ENJOINED** from re-detaining Petitioner, absent prior authorization of this Court and without notice and an opportunity to be heard at a pre-deprivation bond hearing, at which Respondents will bear the burden of showing that his detention is authorized under 8 U.S.C.

§ 1226(a).

Petitioner's counsel may submit an application for attorney's fees and costs under the Equal Access to Justice Act within the time provided by the Local Rules.

**SO ORDERED.**

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: August 31, 2026
Brooklyn, New York